IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MAYO, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| MERCY PHILADELPHIA HOSPITAL, | : | NO. 10-5261 |
|     Defendant | : | |

## MEMORANDUM

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Mercy Philadelphia Hospital ("Mercy") seeks to dismiss Plaintiff James Mayo's ("Mayo") race- and age-based hostile work environment claims.[1] For the following reasons, Mercy's motion is GRANTED. Mayo's age- and race-based disparate treatment claims remain.

## I. BACKGROUND

Mercy fired Mayo on August 15, 2008. Mayo filed a Pennsylvania Commission on Human Relations ("PCHR") complaint on June 11, 2009, exactly 300 days after his termination. Mayo filed this complaint on November 15, 2010 against Mercy. He alleges Mercy: (1) discriminated against him on the basis of his race and age; (2) created a hostile work environment; and (3) violated the Age Discrimination in Employment Act ("ADEA") by engaging in a pattern and practice of terminating employees over age 40 and replacing them with younger employees. See Plaintiff's Amended Complaint, Mayo v. Mercy Phila. Hosp., No. 10-

---

[1] Mercy's motion also seeks to dismiss the age-based "pattern or practice" discrimination claim and all race and age discrimination claims based upon discrete discriminatory acts. At oral argument on March 21, 2011, the parties agreed these claims are dismissed. Plaintiff's counsel also clarified at oral argument that Plaintiff is not alleging a disparate impact claim.

CV-5261 (E.D. Pa. Nov. 15, 2010) [hereinafter Plaintiff's Amended Complaint].

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). I may dismiss a complaint "only if it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown v. Card Serv. Ctr., 464 F.3d 450, 456 (3d Cir. 2006). I need not, however, credit a plaintiff's "threadbare recitals of the elements of a cause of action supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949 (discussing the difference between factual and legal conclusions).

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

A plaintiff must exhaust administrative remedies before bringing suit under Title VII. Antol v. Perry, 82 F.3d 1291, 1295-96 (3d Cir. 1996); Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984). Administrative exhaustion occurs when the claims raised in the formal complaint are "fairly within the scope[2] of the prior [administrative charge], or the investigations arising

---

[2] The relevant inquiry is whether the administrative agency was put on notice of the Plaintiff's claims. See Antol, 82 F.3d at 1296. The factual statement strongly indicates whether the formal complaint is related to the administrative charge. See Doe v. Kohn Nast & Graf, P.C.,

therefrom." Antol, 82 F.3d at 1295.

Mercy argues Mayo failed to exhaust his administrative remedies for his race- and age-based hostile work environment claims because "[t]he PCHR Complaint's plain vanilla discrimination and retaliation allegations would not place anyone on notice of a hostile work environment claim." Mercy's Motion to Dismiss (in part) the Amended Complaint at 7, Mayo v. Mercy Phila. Hosp., No. 10-CV-5261 (E.D. Pa. Dec. 14, 2010) [hereinafter Mercy's Mtn. to Dismiss]. I agree.

Mayo's administrative charge alleges he was denied full-time employment, and he discussed with his co-worker his plan to file a charge of discrimination soon after the denial. Id. at Ex. A, Philadelphia Commission on Human Relations Complaint. He then began to receive a series of emails criticizing small mistakes in his work that subsequently served as the basis of his dismissal. Id. These facts failed to give the PCHR notice of a hostile work environment claim because the facts do not indicate the discrimination was "severe or pervasive." Antol, 82 F.3d at 1295; see Andrews v. City of Phila., 895 F.2d 1469 (3d Cir. 1990); discussion infra at III(B). Therefore, Mayo failed to administratively exhaust his race- and age-based hostile work environment claims.

B. Hostile Work Environment

Mercy also claims Mayo's hostile work environment claim should be dismissed because his complaint fails to allege "severe or pervasive" conduct. Mercy's Mtn. to Dismiss at 8. A hostile work environment exists when unwelcome racist or ageist conduct unreasonably

---

866 F. Supp. 190, 197 (E.D. Pa. 1994).

interferes with a person's performance or creates an intimidating, hostile, or offensive working environment. See Weston v. Pennsylvania, 251 F.3d 420, 425-26 (3d Cir. 2001) (citing Meritor Sav. Bank FSB v. Vinson, 477 U.S. 57, 65-67 (1986)). To establish a prima facie hostile work environment case against Mercy Philadelphia Hospital, Mayo must prove: (1) he suffered intentional discrimination because of his membership in a protected class; (2) the discrimination was severe or pervasive;³ (3) he was detrimentally affected by the discrimination; (4) the discrimination would detrimentally affect a reasonable person in his position; and (5) respondeat superior liability exists. Andrews, 895 F.2d at 1482; Cardenas v. Massey, 269 F.3d 251, 260 (3d Cir. 2001); accord Weston, 251 F.3d at 426.

"[T]he harassment must be so severe or pervasive that it alters the conditions of employment and creates an abusive environment." Weston, 251 F.3d at 426 (citing Meritor, 477 U.S. at 67). Courts consider the following factors to determine whether an environment is hostile or abusive: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; whether it unreasonably interferes with an employee's work performance." Weston, 251 F.3d at 426 (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)). The record must be evaluated as a whole. Cardenas, 269 F.3d at 261 (citing Durham Life Ins. Co. v. Evans, 166 F.3d 139, 149 (3d Cir. 1999)). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to

---

³ Although the United States Court of Appeals for the Third Circuit originally termed this element "pervasive and regular," see Andrews, 895 F.2d at 1482, it has conformed its standard with the United States Supreme Court's "severe or pervasive" requirement. Jensen v. Potter, 435 F.3d 444, 449 n.3 (3d Cir. 2006), overruled in part on other grounds, Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006).

discriminatory changes in the terms and conditions of employment." Icleanu v. Am. Baptist Churches USA, No. 06-2812, 2007 WL 2461822, at *10 (E.D. Pa. Aug. 8, 2007) (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 778 (1998)).

Mayo's complaint alleges as the basis of his race- and age-based hostile work environment claim that: (1) in March 2008, he was given a "needs improvement" for using too much sick time; (2) in April 2008, he was denied the Medical Technologist position in favor of an unqualified Indian female; and (3) on August 15, 2008, he was terminated for "job inefficiency." Plaintiff's Amended Complaint at 4-5. Even if Mayo's claims are accepted as true, his bald assertion that he was subjected to a hostile work environment need not be accepted. Iqbal, 129 S. Ct. at 1949. Mayo's hostile work environment claim is dismissed pursuant to Rule 12(b)(6) because the conduct alleged does not rise to the level of "severe or pervasive." Compare Andrews, 895 F.2d at 1472-74, 1482 (female officers presented a hostile work environment claim where other officers displayed pornographic materials, used sexist slurs, vandalized personal property, left anonymous threatening phone calls, and used a burning agent on the female officers' clothes), and Harley v. McCoach, 928 F. Supp. 533, 539 (E.D. Pa. 1996) (hostile work environment alleged where employees openly displayed pornographic magazines, spread rumors about the plaintiff's sexual liaisons, directed offensive conduct at the plaintiff, including rubbing genitals against her backside, repeatedly putting an arm around her and calling her "sweetheart," an employee sliding a raffle ticket down the front of his pants, and operating a forklift in a manner which placed her in harm's way), with Faragher, 524 U.S. at 778 (offhand comments and isolated incidents will not alter the conditions of employment), and Holmes v.

5

Gates, No. 08-2152, 2010 WL 956412, at *4 (M.D. Pa. Mar. 11, 2010) (hostile work environment not sufficiently alleged where, among other allegations, the employer denied plaintiff educational and promotional opportunities, subjected her to degrading and humiliating work conditions, failed to reimburse her for tuition that similarly-situated, non-minority co-workers received, and required her to work in a cold, drafty hallway to her known physical detriment).

C.   Amend Complaint

A plaintiff is given the opportunity to amend his complaint, if it is vulnerable to dismissal, before a responsive pleading is filed. Fed. R. Civ. P. 15(a); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Leave to amend "must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." Grayson, 293 F.3d at 108 (citing Foman v. Davis, 371 U.S. 178 (1962)).

Mayo filed his first amended complaint on November 15, 2010. See Plaintiff's Amended Complaint. A second amended complaint would be futile because Mayo has already been provided the opportunity to plead facts that would provide a sufficient basis for a hostile work environment claim. See Grayson, 293 F.3d at 108. Furthermore, Mayo failed to allege sufficient facts at oral argument justifying leave to amend. Mayo is not permitted to file a second amended complaint.

An appropriate order follows:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MAYO, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| MERCY PHILADELPHIA HOSPITAL, | : | NO. 10-5261 |
|     Defendant | : | |

**ORDER**

And now, this 22nd day of March, 2011, upon consideration of Defendant's Motion to Dismiss the Amended Complaint (Doc. No. 15), Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. No. 16), Defendant's Reply Brief (Doc. No. 17), and oral argument held on March 21, 2011, it is hereby ORDERED that:

1. Plaintiff's age-based "pattern or practice" discrimination claim and race and age discrimination claims based upon discrete discriminatory acts are DISMISSED upon the parties' agreement.

2. Plaintiff's race- and age-based hostile work environment claims are DISMISSED.

3. Any disparate impact claim is withdrawn. Mayo's age- and race-based disparate treatment claims remain.

                                                BY THE COURT:

                                                /s/ Timothy R. Rice
                                                HONORABLE TIMOTHY R. RICE
                                                United States Magistrate Judge